# Commonwealth to Use *v.* Miller.

*Executors and administrators—Bond—Nonresident—Act of March 15, 1832 and May 9, 1889, P. L. 159.*

Letters granted to a nonresident administrator d. b. n. c. t. a. are not void because the bond given by him is in the form of an ordinary administration bond, and not in the form specified in the Act of March 15, 1832, P. L. 135, sec. 16, relating to nonresident executors; nor are such letters void because a trust company incorporated under the Act of May 9, 1889, P. L. 159, is the only surety.

*Statute of limitations—Suretyship—Act of April 4, 1797, 3 Sm. L. 296.*

The limitation to an action against sureties, provided by the 2d section of the act of April 4, 1797, is not applicable to an original administration bond.

Argued Feb. 20, 1900. Appeal, No. 274, Jan. T., 1899, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1894, No. 692, on verdict for plaintiff in suit of Commonwealth to use of Jesse S. Carter, administration d. b. n. c. t. a. of Jesse Stewart, Sr., deceased, v. Michael Miller, George Kinback, Andrew R. Raub and Theodore G. Wolf and Everett Warren, surviving executors of Benjamin H. Throop, deceased. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on bond.

The facts appear by the opinion of PURDY, P. J., specially presiding, which was as follows:

The action in this case was brought November 10, 1894, against Michael Miller, George Kinback, A. R. Raub and B. H. Throop, sureties on a bond given June 27, 1883, by Thomas Stewart, executor, etc., of Jesse Stewart, deceased, late of Belvidere, New Jersey, upon the granting to him of ancillary letters of administration, in Lackawanna county, upon the estate of Jesse Stewart, deceased.

On March 13, 1888, the said Thomas Stewart, executor, was indebted to the estate of Jesse Stewart, deceased, in the sum of $10,779.46, as is shown by the report of the auditor upon the account of said executor, which report was finally confirmed by

the orphans' court of Lackawanna county, February 2, 1889. Thomas Stewart died without having paid any part of this balance, and on December 10, 1890, Jesse S. Carter was appointed by the register of wills of Lackawanna county, administrator d. b. n. c. t. a. of the estate of said Jesse Stewart, deceased.

Since the death of Thomas Stewart his executors have made payments upon this indebtedness which left due, with interest and costs, January 11, 1899 (the date of the verdict) $9,800.12, for which sum the plaintiff is entitled to judgment if at all.

Counsel for the defendants contend that the letters granted to the plaintiff are void for the reason that the bond given by him does not conform to the statutory requirements, and further that the action on the bond in suit is barred by the statute of limitations of April 4, 1797.

The 16th section of the act of March 15, 1832, provides: " Before the register shall issue letters testamentary to any executor, not being an inhabitant of this commonwealth, he shall take from him a bond, with two or more sufficient sureties, being inhabitants of this commonwealth, respect being had to the value of the estate to be administered, in the name of the commonwealth, with the following condition, viz : " The condition of the obligation is, that if the said A. B., executor of the last will and testament of C. D., deceased, shall make a true and perfect inventory of all and singular the goods, chattels and credits of the said deceased, being within this commonwealth, which have come or shall come to his hands, possession or knowledge, or into the hands and possession of any other person for him, and the same so made do exhibit into the office of the register of the county of . . . . within thirty days of the date hereof, and the same goods do well and truly administer according to law, and make a just and true account of all his actings and doings therein, in one year from the date hereof, or when thereunto lawfully required, and shall well and truly comply with the laws of this commonwealth relating to collateral inheritances and in all other respects with the laws of this commonwealth relating to his duty as executor, then this obligation to be void, otherwise of force and effect."

The 24th section of the same act requires two or more sufficient sureties on the bond, and the 27th section is as follows: " If any register shall grant letters testamentary to any person

not being an inhabitant of this commonwealth, or shall grant letters of administration to any person or persons whatsoever, without having in either case taken a bond and sureties in the manner hereinbefore prescribed, such letters shall be void, and every person acting under them shall be deemed, and may be used, and in all respects treated as an executor of his own wrong; and the register granting the same, and his sureties, shall be liable to pay all damages which shall accrue to any person by reason thereof."

The bond of the plaintiff has but one surety, the Eastern Trust Company, and the condition of the bond is, "that if the said Jesse S. Carter, administrator as aforesaid, shall faithfully account for all the personal effects of the estate of Jesse Stewart, deceased, which shall come into his hands or possession, or into the hands of any other person or persons for him, as administrator, and do well and truly administer according to law, and shall settle his accounts thereof before the register and orphans' court of Lackawanna county, and shall fully comply with the laws of the commonwealth of Pennsylvania, then this obligation to be void, otherwise to remain in full force."

The 43d section of the said act of March 15, 1832, provides that "no immaterial variation from the forms given and prescribed in and by this act shall vitiate or render void any proceedings in which said forms shall be used."

While the condition of the plaintiff's bond is not in the language of the statute, the general requirements of this condition cover all that is embraced in the statutory condition.

In Foster v. Commonwealth, 35 Pa. 148, it is held that although this act prohibits registers from granting original letters of administration on the estates of persons who have been dead twenty-one years, unless ordered by the register's court, yet such letters are not absolutely void, and an administrator acting under such letters, and his sureties are liable on their bond to parties interested in the estate. And the question seems to be definitely settled against the contention of the defendants by the case of Hartzell et al. v. Commonwealth, 42 Pa. 453, followed in Shalter & Ebling's Appeal, 43 Pa. 83.

We think the surety on the bond sufficient. The Eastern Trust Company was incorporated March 13, 1890, for the purposes specified in the supplementary Act of May 9, 1889, P. L. 159.

With reference to the remaining question it is disposed of by the case of Commonwealth v. Patterson, 8 Watts, 515, which holds that the limitation to an action against sureties, provided by the 2d section of the act of April 4, 1797, is not applicable to an original administration bond.

The rule for judgment for defendant on question reserved is, therefore, discharged, and upon payment of verdict fee, judgment is directed to be entered for the plaintiff and against the defendants on the verdict of the jury.

*Error assigned* was in entering judgment for plaintiff.

*Milton W. Lowry*, with him *Everett Warren* and *E. C. Newcomb*, for appellant.—An ordinary administrator's bond will not suffice for an administrator d. b. n. c. t. a.: Small v. Com., 8 Pa. 101. If this applies to bonds of administrators de bonis non, why not to bonds given in the grant of letters ancillary?

It has long since been the law in Pennsylvania that letters granted to an administrator, when there is but one surety, were themselves void: Bradley v. Com., 31 Pa. 523.

There is no suggestion in the title of the act of 1889 that companies incorporated under the act shall have power to become sole surety for administrators or executors, or that section 24 of the Act of 1832, P. L. 141, is thereby repealed.

*James H. Torrey*, with him *Charles H. Welles*, for appellee.— The sureties of a trustee are liable upon their bond even though the court had no power to make the appointment: Engel's App., 180 Pa. 215; McConomy's Est., 170 Pa. 140; Doner's Est., 156 Pa. 301.

The decree of a register of wills granting letters of administration cannot be collaterally attacked: Sager v. Lindsey, 118 Pa. 25; Carpenter v. Cameron, 7 Watts, 51.

The sureties on an administration bond are liable whether or not the bond is in the precise form prescribed by the act of assembly: Shalter's App., 43 Pa. 83; Hartzell v. Com., 42 Pa. 453; Slaymaker v. Farmers' Nat. Bank, 103 Pa. 616.

The plea of the statute of limitations under the Act of April 4, 1797, 3 Sm's L., 296, cannot avail the defendants: Com v. Patterson, 8 Watts, 515; Miltenberger v. Com., 14 Pa. 71.

PER CURIAM, March 26, 1900 :

The judgment in this case is affirmed on the final opinion of the learned court below.